UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN D AHERN | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-259 |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DENY DEFENDANT'S MOTION TO DISMISS**

   This civil rights action was filed by a former federal prisoner pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674 *et seq.,* seeking damages against the United States of America based on the conduct of employees of the U.S. Marshals Service (USMS).  (D.E. 1, 16).  Pending is the Government's Motion to Dismiss Complaint, or in the Alternative, Motion for Summary Judgment (D.E. 27), to which Plaintiff has filed a response in opposition.  (D.E. 28).  For the reasons stated herein, it is respectfully recommended that the Government's motion be denied as it fails to establish on the pleadings, let alone offer any summary judgment evidence to demonstrate, that the USMS delegated Plaintiff's medical treatment to an independent contractor so as to shield the Government from liability under *Logue v. United States,* 412 U.S. 521 (1973).

**I.  JURISDICTION.**

   The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

1 / 9

## II. PROCEDURAL BACKGROUND.

On June 11, 2014, Plaintiff filed his FTCA original complaint. Plaintiff alleged that, while he was in federal custody and confined at the Coastal Bend Detention Center (CBDC) from March 16, 2011 through January 6, 2012, he was denied appropriate and adequate medical attention for the following severe medical conditions: (1) Benign Enlarged Prostrate (BEP); (2) stomach ulcers and acid reflux; (3) fluid on the knee with pain; (4) Restless Leg Syndrome (RLS); and (5) Fever and infection following prostate biopsy. (D.E. 1).

Following a July 15, 2014 *Spears*[1] hearing, on July 18, 2014, the undersigned magistrate judge entered a Memorandum and Recommendation (M&R) to dismiss Plaintiff's FTCA claims finding that Plaintiff had failed to allege sufficient facts to state a negligence claim against the CBDC physician, Dr. Ahmed, or the USMS by which to hold the United States liable. (*See* D.E. 14, pp. 7-8). In addition, it was recommended Plaintiff's apparent *Bivens*[2] claims be dismissed for failure to state cognizable constitutional violations. *Id.* at pp. 9-10.

On July 31, 2014, Plaintiff filed objections to the July 18, 2014 M&R. (D.E. 16). Plaintiff emphasized he filed this action pursuant to the FTCA "…seeking damages against the United States of America, for the negligent and wrongful acts of certain United States Marshals Service employees." (D.E. 16, p. 1).

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).
[2] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 398 (1971).

On November 10, 2014, the District Court referred the matter back to the undersigned to address the applicability of the FTCA to Plaintiff's claims against the USMS. (D.E.18).

On December 22, 2014, a second evidentiary hearing was held. Plaintiff appeared in person to provide testimony about his FTCA claims against the USMS. Plaintiff testified the USMS had a "daily presence" at the CBDC. Plaintiff also testified the USMS had an office onsite and the Marshals performed daily walks through the facility to "count" offenders under their charge. Although the CBDC provides the medical staff, Plaintiff testified that he submitted his grievances concerning medical care directly to the USMS and that he repeatedly spoke to two Marshals in particular, Deputy United States Marshal (DUSM) Shannon Nash, and DUSM Lujan, about his medical needs. His complaints included:

(1) His monthly medications were always delayed, causing him to miss approximately ten (10) days of Doxazosin a month;

(2) Although Plaintiff was seen by a urologist to perform a prostate biopsy, he was never "treated" by a urologist and was simply given Doxazosin per Dr. Ahmed based on Plaintiff's representation that he had been prescribed it in the free world;

(3) Plaintiff was prescribed Naproxen for any complaints of pain. Not only did he need stronger pain medication, but the Naproxen caused him severe gastrointestinal problems, including stomach ulcers and acid reflux. Dr. Ahmed told Plaintiff that the USMS would not approve stronger pain medication;

(4) Plaintiff suffered fluid on the knee but was never examined or diagnosed by a doctor but only prescribed more Naproxen;

  (5)  Plaintiff requested to see a neurologist for his RLS but the USMS ignored his requests;

  (6)  When Plaintiff had his prostate biopsy, his antibiotic prescription was lost and he suffered a serious infection with fever. The USMS was responsible for ensuring that the prescription was filled and administered timely and this did not happen; and

  (7)  Plaintiff complained to DUSM Lujan and DUSM Nash and these Marshals both assured him that his medical needs would be met. Plaintiff also filed numerous grievances with the USMS but he did not receive responses.

On January 8, 2015, the undersigned entered a supplemental M&R recommending that any FTCA claim premised on the conduct of a non-government employee, in particular Dr. Ahmed or other CBDC employee, be dismissed for failure to state a claim, and also that any constitutional claim against an individual defendant brought pursuant to *Bivens* be dismissed on those same grounds. (D.E. 21, p. 10). However, it was recommended that Plaintiff's FTCA claim against the United States, premised on the conduct of the USMS and its control over what medications and medical treatment Plaintiff was authorized to receive, in addition to how his grievances concerning that care were addressed, be retained. *Id.*

On February 23, 2015, the Court adopted the supplemental M&R. (D.E. 26).

On March 16, 2015, the Government filed the instant Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.[3] (D.E. 27).

---

[3] The USMS was served on January 28, 2015. (D.E. 24). To date, the Government has declined to file an Answer.

On April 2, 2015, Plaintiff filed his response to the Government's Motion to Dismiss. (D.E. 28).

### III.  RULE 12(b)(6) STANDARD OF REVIEW.

Plaintiff is proceeding *pro se,* and he is therefore held to less stringent standards in his pleadings than those drafted by lawyers. *Miller v. Stanmore,* 636 F.2d 986, 988 (5th Cir. 1981). But even so, conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to overcome a motion to dismiss. *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002). Plaintiff must present an arguable basis in law or fact or his claims will be deemed frivolous. *Newsome v. EEOC,* 301 F.3d 227 (5th Cir. 2002). A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted; however, the district court must construe the complaint in a light most favorable to the plaintiff, and the allegations contained therein must be taken as true. *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face*." Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007).  In the context of a defendant's motion to dismiss, the district court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims.  *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## IV.   DISCUSSION.

The FTCA's definition of "employee of the government" includes "officers or employees of any federal agency" and "persons acting on behalf of a federal agency in an official capacity."  28 U.S.C. § 2671.  The definition specifically excludes from the meaning of "federal agency," contractors with the United States.  *Id.*  ("[T]he term 'Federal agency' … does not include any contractor with the United States.")  At issue in this case is whether the USMS is shielded from liability by virtue of it contracting with the CBDC to care for federal prisoners.  The determination turns on the question of control or authority of the United States over the contract facility and the contract between the parties.  *Logue v. United States,* 412 U.S. 521, 527-28 (1973).  In *Logue,* the Supreme Court held that a state jail was not an agent of the United States when the United States had "no authority to physically supervise the conduct of the jail's employees." *Logue,* 412 U.S. at 530.

Congress authorizes the United States to contract with state and local authorities to provide safekeeping and care for federal prisoners.  *Logue,* 412 U.S. at 529.  The *Logue* Court specifically noted that such statutory authorization for housing of federal inmates "clearly contemplated that the day-to-day operations of the contractor's facilities were to

be in the hands of the contractor, with the Government's role limited to the payment of sufficiently high rates to induce the contractor to do a good job." *Id.* However, what constitutes "day-to-day" operations may differ between parties and contracts.

The Government moves to dismiss Plaintiff's claims premised on its argument that the CBDC is an independent contractor such that the United States cannot be held responsible for any of CBDC's actions or inactions. (D.E. 27, pp. 2-3). However, Plaintiff's uncontroverted testimony suggests that the USMS retained a certain amount of control over the medical treatment a prisoner received or could receive, and total control over the available avenues of relief to challenge any medical decisions. According to Plaintiff, he was told by Dr. Ahmed that the USMS would not approve a narcotic pain medication, even if medical personnel deemed it medically necessary. In addition, medical complaints were not submitted to CBDC personnel or even the medical staff, but to the USMS. According to Plaintiff, the USMS performed daily walk-throughs for inmate counts and maintained an office onsite at the CBDC. These factors, viewed in the light most favorable to Plaintiff, suggest that the USMS did not release the day-to-day operations of the CBDC to the private facility operators. In addition, as a daily presence performing daily counts, the USMS was able to observe both the care of the federal prisoners and the conduct of CBDC employees. Such conduct weighs against a finding, at this stage of these proceedings, that the CBDC was an independent contractor regarding Plaintiff's medical treatment.

Although seeking summary judgment in the alternative, the Government has not offered a copy of the contract it has with CBDC or an affidavit from an employee with

personal knowledge who can testify as to how medical treatment was assessed, provided, and evaluated at the CBDC. This information would resolve the *Logue* issue and whether or not the Government would be shielded from liability based on the independent contractor exception. As it stands, however, the Government has not refuted Plaintiff's assertions that the USMS was closely involved in the decisions affecting his medical care and exercised control and authority over the CBDC as it concerned medical grievances.

## V. RECOMMENDATION.

For the reasons stated above, it is respectfully recommended that the Court deny the Government's Motion to Dismiss Complaint, or in the Alternative, Motion for Summary Judgment (D.E. 27), and that the Government be instructed to file an Answer to Plaintiff's Complaint within a reasonable time period. After the Government files an Answer, the undersigned will set deadlines for discovery and dispositive motions.

ORDERED this 15th day of July, 2015.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).