Case 2:14-cv-00259 Document 58 Filed in TXSD on 01/03/17 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 03, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOHN D AHERN § | |
| § | |
| Plaintiff § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-259 |
| § | |
| UNITED STATES OF AMERICA § | |

### ORDER REJECTING MEMORANDUM AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Defendant, United States of America's (the Government's) Motion to Dismiss Complaint, or in the Alternative, Motion for Summary Judgment (D.E. 40). On November 28, 2016, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation on Defendant's Motion for Summary Judgment (D.E. 50), recommending that the Government's Motion be granted, and that Plaintiff's complaint be dismissed. Petitioner timely filed his Objections (D.E. 54) on December 12, 2016.

Plaintiff complains that, while he was a federal detainee in the Coastal Bend Detention Center, he did not receive adequate medical care, arising to a level of deliberate indifference to a serious health or safety need. D.E. 1. The Coastal Bend Detention Center is a privately-run facility with which the federal government has contracted to house its prisoners. The Government requested dismissal of this action on the basis that Plaintiff had no claim under the Federal Tort Claims Act, (FTCA), 28 U.S.C. § 2674 et seq.

The Government's motion is based on the argument that the United States Marshals, who as part of their duties monitored the federal prisoners housed at the Detention Center, did not have control over the day-to-day operations of the facility and did not have the control necessary to sustain an employer/employee relationship. Thus, the Government argues that the Detention Center was an independent contractor for which the Government had no responsibility, citing *Logue v. United States*, 412 U.S. 521 (1973). The Magistrate Judge agreed.

Plaintiff's objections are based on the central issue that he is not seeking to assign vicarious liability for the Detention Center's negligence to the Government. Instead, he is complaining of the alleged facts, taken as true in a Rule 12(b)(6) context,[1] that individual United States Marshals, who are employees of the Government, had actual knowledge that the care he was receiving fell below constitutional requirements and had a duty to ensure his safety. The United States Supreme Court declined to rule on this issue of individual liability of the federal employee in *Logue* and remanded it to the Court of Appeals. *Id*. at 533. The Court of Appeals then remanded it to the District Court, at which point the history of that case ends. *Logue v. United States*, 488 F.2d 1090, 1090 (5th Cir. 1974) (per curiam).

The Government did not seek dismissal based on any argument that addresses whether the Government may delegate its constitutional duties and evade liability when its employees are on notice of a constitutional violation. The parties have not briefed that precise issue for the Court. For that reason, the Court SUSTAINS Plaintiff's objection,

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

rejects the Memorandum and Recommendation (D.E. 50), and DENIES Defendant's motion for summary judgment (D.E. 40).

ORDERED this 3rd day of January, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE