UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN D AHERN | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-259 |
| | § | |
| UNITED STATES OF AMERICA | § | |

# ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
# AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending before the Court are Plaintiff John D. Ahern's (Ahern's) Motion for Default Judgment (D.E. 59) and Defendant, United States of America's (the Government's) Motion to Dismiss Under Discretionary Function Exception to the FTCA or in the Alternative Motion for Summary Judgment (D.E. 62). On May 19, 2017, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R, D.E. 65), recommending that Ahern's motion be denied and that the Government's motion, construed as a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, be granted, and that Ahern's complaint be dismissed. Ahern filed his objections (D.E. 66)[1] untimely, on June 9, 2017. Nonetheless, the Court considers Ahern's challenges to the M&R.

Ahern's objections do not include any complaint with respect to the recommended denial of his motion for default judgment. The Court therefore adopts the reasoning of the M&R on that issue and DENIES Ahern's motion (D.E. 59). The balance of this order

---

[1] Ahern titled his objections as "Response to Memorandum and Recommendation to Defendants [sic] Motion for Summary Judgment." D.E. 66. The procedure with respect to M&Rs calls for any complaint to be stated as an objection and the Court construes Ahern's response accordingly.

addresses Ahern's action brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674 and the recommended disposition and objections thereto.

The Magistrate Judge found that Ahern's FTCA claim was barred by the discretionary function exemption of 28 U.S.C. § 2680(a). While Ahern's objection (D.E. 66) essentially re-briefs Ahern's positions regarding his entire case theory and history, the Court focuses only on the discretionary function exemption, which is the dispositive issue. While not itemized, Ahern states two objections to the M&R that are relevant to the recommendation in the M&R.

First, Ahern objects to the conclusion that the marshal's conduct involved a discretionary function. He claims that a policy decision may be discretionary, but the execution of that decision—the operational phase—is not. *See Indian Towing Co. v. United States*, 350 U.S. 61 (1955); *United States v. Muniz*, 374 U.S. 150, 165 (1963); *Cowart v. United States*, 617 F.2d 112, 117 (5th Cir. 1980); and *Jones v. United States*, 534 F.2d 53 (5th Cir.1976). The Supreme Court rejected that view in *United States v. Gaubert*, 499 U.S. 315, 326 (1991).

The discretionary aspect of conduct for purposes of the FTCA exemption is not determined by the status of the actor or a policy/operation dichotomy. *Gaubert*, 499 U.S. at 325-26. Rather, it depends on whether the actor's range of options requires proceeding in a certain manner under government dictate. In finding the government actors within the scope of the exemption in that case, the Court wrote: "Not only was there no statutory or regulatory mandate which compelled the regulators to act in a particular way, but there was no prohibition against the use of supervisory mechanisms not specifically set forth in statute or regulation." *Id.* at 330.

It cannot be said that "the considerations involving the day-to-day management of a business concern . . . are so precisely formulated that decisions at the operational level never involve the exercise of discretion within the meaning of § 2680(a) . . . ." *Id.* at 331. That is particularly clear here, where the gist of Ahern's complaint is that the United States Marshals Service (USMS), through information provided to its individual marshals, should have revoked its discretionary decision to delegate Ahern's custody and/or medical care to the Coastal Bend Detention Center (CBDC). That complaint clearly invokes a governmental policy decision, which is permitted by the statutes upon which Ahern relies. *See* 18 U.S.C. §§ 4013, 4042 (permitting agreements to house prisoners in non-federal institutions).

The M&R recognized that, as a policy decision, delegation of inmate care is within the discretionary exemption of the FTCA. D.E. 65, pp. 13-16. Ahern has not demonstrated that the M&R is incorrect on that issue. More specifically, the fact that Ahern has not stated a cognizable claim is evident from the fact that he does not articulate what precise action he expected the marshals to take in response to his complaints. Clearly, the marshals did not have the medical expertise or license to deliver him the care he desired. And Judge Rainey is quoted merely as suggesting that they "do something" to assist.

There was no specific course of conduct prescribed for this situation. The marshals could prod CBDC to do a better job with complaints or reminders of Ahern's plight. They could seek a discretionary placement of Ahern in a different facility. They could refer the issue up the chain of command leading, within a higher level policymaker's discretion, to a decision to alter the delegation to CBDC of any federal inmate incarceration. Multiple choices

for effectuating the policy decisions regarding the custody of federal inmates make it clear that Ahern's complaint triggers the discretionary function exemption from FTCA liability.

This has been the decision of other courts evaluating similar fact patterns. *See Lopez v. U.S. Immigration & Customs Enf't*, 455 F. App'x 427, 432 (5th Cir. 2011) (applying the discretionary function exemption to reject FTCA liability against USMS for allegedly violating its own nondiscretionary policies in failing to inspect a contractor's operations and failing to oversee the facility's medical care). "Supervision of a contractor's work, including the degree of oversight to exercise, is inherently a discretionary function. Similarly, a decision to hire a contractor and the choice of contractor are policy-based discretionary decisions." *Guile v. United States*, 422 F.3d 221, 231 (5th Cir. 2005) (citations omitted). *See also*, *Johnson v. United States*, No. CIV.A. 4:05CV40, 2006 WL 572312, at *6 (E.D. Va. Mar. 7, 2006) (rejecting USMS liability for acts of contractor with responsibility for housing federal inmates). Ahern's first objection is OVERRULED.

Second, Ahern objects because there are multiple statutes or regulations governing the care of prisoners that state the government's responsibilities in terms of what it "shall" do. Ahern argues that fundamental life issues such as good quality medical care are therefore mandatory responsibilities of the government. This, Ahern infers, makes any act regarding medical care a prescribed operational one, falling outside the scope of the FTCA discretionary exemption.

As the Fifth Circuit has found, "[M]any policy statements couched in seemingly mandatory language ultimately present only 'generalized, precatory, or aspirational language that is too general to prescribe a specific course of action for an agency or employee to

follow.'" *Lopez,* 455 F. App'x at 433 (citing *Freeman v. United States*, 556 F.3d 326, 338 (5th Cir.2009)). The Fifth Circuit followed that principle in *Lopez* in determining that the policies or directives applied to the USMS for prisoner care, while stating that certain things were required, were not sufficiently specific to keep the decisions from being discretionary and exempt from FTCA liability. *Lopez*, 455 F. App'x at 433. Ahern's second objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Ahern's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Ahern's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Defendant's Motion to Dismiss Under Discretionary Function Exception to the FTCA or in the Alternative Motion for Summary Judgment (D.E. 62) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

ORDERED this 29th day of June, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE